Filed 5/6/13  P. v. Barbour CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C061291 |
| Plaintiff and Respondent, | (Super. Ct. No. MHO02001) |
| v. | |
| ROBERT SEAN BARBOUR, | |
| Defendant and Appellant. | |

Defendant Robert Sean Barbour originally challenged, on due process and equal protection grounds, the constitutionality of his indeterminate commitment pursuant to Proposition 83, which modified the terms by which sexually violent predators (SVP's) can be released from civil commitment under the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.; unless otherwise stated, all statutory references that follow are to the Welfare and Institutions Code).  In an unpublished opinion based on the Supreme Court's decision in *People v. McKee* (2010) 47 Cal.4th 1172 (*McKee* I), we found no due process violation and we remanded the matter to the trial court to determine whether, under the equal protection clause, the People could justify treating SVP's

1

differently than mentally disordered offenders (MDO's) and persons committed after being found not guilty by reason of insanity (NGI's) since no evidence was introduced in the trial court on the equal protection issue. (*People v. Barbour* (May 6, 2010, C061291) [nonpub. opn].)

The Supreme Court granted defendant's petition for review with directions to us to vacate our unpublished decision. To avoid duplicating remand proceedings already ordered in *McKee I*, which allowed the People an opportunity to justify treating SVP's, MDO's and NGI's differently under established equal protection principles, the Supreme Court also suspended further proceedings in defendant's case pending finality of the *McKee I* remand proceedings.

The remand proceedings in *McKee I* are now final. (See *People v. McKee* (2012) 207 Cal.App.4th 1325, review den. Oct. 10, 2012, S204503 (*McKee II*).) In *McKee II*, the Fourth Appellate District affirmed the trial court's determination upon remand that the People had met their burden under the equal protection clause to justify treating SVP's differently from MDO's and NGI's. (*Id.* at p. 1331.)

Based on *McKee I* and *McKee II*, we reject defendant's due process and equal protection challenges to his indeterminate commitment as an SVP. We therefore affirm the judgment in its entirety.

## FACTS AND PROCEEDINGS

Defendant was convicted in 1993 and 1995 of committing lewd and lascivious acts with a child under the age of 14 (Pen. Code, § 288, subd. (a)). In 2008, the Sacramento County District Attorney's Office filed a petition to extend defendant's commitment as an SVP. The petition alleged defendant's convictions and further alleged that two psychologists had evaluated defendant and found him to be an SVP.

At trial, psychologists diagnosed defendant with two mental disorders, pedophilia and fetishism. They testified that defendant had a substantial, well-founded risk of

reoffending and they did not believe defendant could control his behavior. A psychologist testifying for defendant challenged the adequacy of the evaluations to predict whether defendant could control his behavior or whether he would reoffend, but conceded he had not met or evaluated defendant.

The jury found the allegations in the petition to be true, and the trial court ordered defendant committed for an indefinite term as an SVP. Defendant appealed the indeterminate commitment on equal protection and due process grounds.

DISCUSSION

I

*Due Process Claims*

Defendant contends the SVPA "creates an unacceptable risk that a person committed under the Act who no longer qualifies as a sexually violent predator will have his commitment continued in violation of his right to due process. In addition, the mechanisms for judicial review of defendant's confinement under sections 6605 and 6608 are not constitutionally adequate and a person committed under the Act bears the burden of proof by a preponderance of the evidence in order to be released under section 6608."

Under section 6605, the Department of Mental Health (DMH) can file a petition for conditional or unconditional release if it determines the individual no longer meets the definition of an SVP or can be released to a less restrictive alternative. A petition under this section can be made only by DMH. (§ 6605, subd. (b).) If the state opposes the release, it must prove beyond a reasonable doubt that the committed person remains an SVP.

An individual can petition for release without DMH authorization. (§ 6608.) At the hearing held under section 6608, the petitioner must show by a preponderance of the evidence (§ 6608, subd. (i)) that he will not be a danger to the health and safety of others

3

in that it is not likely that he will engage in sexually violent criminal behavior due to his diagnosed mental disorder. (§ 6608.)

As we previously found, the Supreme Court's decision in *McKee I* resolves all of defendant's due process challenges. In *McKee I*, the petitioner raised the same claim that defendant makes here, namely, that due process is violated because his commitment is indefinite and he bears the burden of showing by a preponderance of the evidence that he is no longer an SVP. (*McKee I, supra,* 47 Cal.4th at pp. 1188-1191.) The *McKee I* court rejected that claim. (*Id.* at p. 1191.) Relying on *Jones v. United States* (1983) 463 U.S. 354 [77 L.Ed.2d 694], a case involving commitment proceedings for those adjudged not guilty by reasons of insanity, *McKee I* concluded that "the requirement that [an individual], after an initial commitment, must prove by a preponderance of the evidence that he is no longer an SVP does not violate due process." (47 Cal.4th at p. 1191.) We are bound by that decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

*McKee I* also rejected the claim, identical to one defendant raises here, that the commitment statutes are unconstitutional because they authorize an appointment of experts only when DMH authorizes an individual to petition for release (§ 6605, subd. (d)), not when the individual files a petition without DMH approval. (§ 6608, subd. (a).) (*McKee I, supra,* 47 Cal.4th at pp. 1192-1193.) The court acknowledged that there was no explicit provision to provide experts when an individual petitions for release, but found that the statutory language of the SVPA and legislative history evidenced an intent to appoint experts to insure that a commitment lasts no longer than necessary. (*Ibid.*) The court concluded, "Given that the denial of access to expert opinion when an indigent individual petitions on his or her own to be released may pose a significant obstacle to ensuring that only those meeting SVP commitment criteria remain committed, we construe section 6608, subdivision (a), read in conjunction with section 6605, subdivision (a), to mandate appointment of an expert for an indigent SVP who petitions the court for

4

release." (*Id.* at p. 1193.)  Consequently, the court concluded, there was no violation of due process.  (*Ibid.*)

In sum, *McKee I* disposes of defendant's due process claims.  The SVP commitment process does not violate due process guarantees.

II

*Equal Protection Claims*

Defendant contends that his equal protection rights were violated because SVP's are treated less favorably than those committed under other statutes, such as MDO's (Pen. Code, § 2960) and NGI's (Pen. Code, § 1026 et seq.).  In *McKee* I, the Supreme Court found that SVP's, MDO's, and NGI's are similarly situated for equal protection purposes because each are involuntarily committed to protect the public from individuals who are dangerously mentally ill.  (*McKee I, supra,* 47 Cal.4th at pp. 1202-1203, 1207.)  The court found no question that after the initial commitment SVP's were treated less favorably because they were given indeterminate commitments with the burden of proving they should be released whereas MDO's and NGI's were committed for a determinate term and had the right to be released unless the People proved beyond a reasonable doubt that he or she should be recommitted.  (*Ibid.*)

To justify the disparate treatment of SVP's, the Supreme Court in *McKee I* emphasized the People had to show on remand "that, notwithstanding the similarities between SVP's and MDO's, the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society."  (*McKee I, supra,* 47 Cal.4th at p.1208.)  Whether the People carried their burden under the equal protection clause for such differential treatment was resolved in *McKee II*.  (*McKee II, supra,* 207 Cal.App.4th at pp. 1339, 1347-1348.)

5

In *McKee II*, the Fourth Appellate District affirmed the trial court's determination that "the People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended Act's disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released)." (*McKee II, supra,* 207 Cal.App.4th at p. 1347.) The People showed " 'that the inherent nature of the SVP's mental disorder makes recidivism as a class significantly more likely[;] ... that SVP's pose a greater risk [and unique dangers] to a particularly vulnerable class of victims, such as children'; and that SVP's have diagnostic and treatment differences from MDO's and NGI's, thereby supporting a reasonable perception by the electorate that passed Proposition 83 that the disparate treatment of SVP's under the amended Act is necessary to further the state's compelling interests in public safety and humanely treating the mentally disordered." (*Ibid.*) Based on the above, the court concluded "the disparate treatment of SVP's under the Act is reasonable and factually based and was adequately justified by the People at the evidentiary hearing on remand." (*Id.* at p. 1348.) The SVPA, therefore, did not violate equal protection. (*Ibid.*)

As in *McKee II*, we agree defendant's equal protection rights were not violated by treating him differently than MDO's and NGI's for commitment purposes because the indeterminate commitment procedures legitimately advance a compelling state interest in protecting the public from an SVP like defendant who carries a substantial, well-founded risk of reoffending and cannot control his behavior and who poses a greater risk to a particularly vulnerable class of victims such, as here, children. We therefore reject defendant's equal protection challenge.

DISPOSITION

The judgment is affirmed.

6

                                    _____HULL_____, Acting P. J.


We concur:


_____ROBIE_____, J.


_____BUTZ_____, J.